**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kee Yazzie MANN, Jr., Defendant–**
**Appellant.**

**No. 97–10045.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1997.

Decided Dec. 15, 1997.

Michael D. Gordon, Assistant Federal Public Defender, Phoenix, AZ, for defendant–appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, AZ, for plaintiff–appellee.

Before: FLETCHER, WIGGINS and RYMER, Circuit Judges.

WIGGINS, Circuit Judge:

Appellant Kee Yazzie Mann pled guilty to two counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3) and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 1153 and 924(c). The district court sentenced Mann to a provisional sentence of fifteen years under 18 U.S.C. § 4244(d). This provisional sentence reflected the statutory maximum for the charged offenses. Mann appeals the sentence, contending that the district court misinterpreted § 4244(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

On February 2, 1995, Mann, a Navajo Indian, was on a Navajo Indian Reservation in Arizona. During a dispute over alcohol, Mann shot Lester Henry and Curtis Bigman with a .22 caliber pistol. Both men survived. On June 15, 1995, Mann was charged in a multicount federal indictment.

The district court ordered Mann to undergo a psychological evaluation because he had a long history of documented mental illness. Mann was found competent to proceed and, on November 20, 1995, he pled guilty to two counts of assault and one count of using a firearm in connection with those assaults. Prior to sentencing, two additional psychologists evaluated Mann. Each evaluation found Mann to be suffering from a mental disease or defect, but the evaluations agreed that he was competent to proceed to sentencing.

Based upon these evaluations, the district court found that, in lieu of prison, Mann should be committed to a suitable facility for care or treatment pursuant to 18 U.S.C. § 4244(d). At the sentencing hearing, Mann argued that § 4244(d) required the maximum sentence under the United States Sentencing Guidelines, not the statutory maximum. The district court disagreed and sentenced Mann to a provisional sentence of the statutory maximum of ten years each on Counts 1 and 2 to be served concurrently, plus five years on Count 3 consecutive to the sentences on Counts 1 and 2. See 18 U.S.C. §§ 113(a)(3), 924(c).

## STANDARD OF REVIEW

■ The interpretation of a statute is a question of law reviewed de novo. See *American–Arab Anti–Discrimination Comm. v. Reno,* 119 F.3d 1367, 1371 (9th Cir.1997).

## DISCUSSION

■ The only issue in this case is the proper interpretation of 18 U.S.C. § 4244(d). In 1984, Congress passed the Insanity Defense Reform Act of 1984 ("Insanity Defense Reform Act"), 18 U.S.C. §§ 4241–47, which is Title IV of the Comprehensive Crime Control Act of 1984. The Insanity Defense Reform Act amended various provisions of Title 18, United States Code, and the Federal Rules of Criminal Procedure. In general, its provisions relate to the insanity defense and the procedures governing offenders who are or have been suffering from a mental disease or defect. See S.Rep. No. 98–225, at 222 (1983). The Comprehensive Crime Control Act of 1984 also included the Sentencing Reform Act of 1984 ("Sentencing Reform Act"), as amended, 18 U.S.C. § 3551 *et seq.* (1982 ed., Supp. IV), and 28 U.S.C. §§ 991–98 (1982 ed., Supp. IV). The Sentencing Reform Act established the United States Sentencing Commission and authorized it to promulgate Sentencing Guidelines that govern the sentencing of federal defendants.

18 U.S.C. § 4244(d) governs the hospitalization prior to sentencing of a convicted

defendant suffering from a mental disease or defect. Section 4244(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty.

§ 4244(d). The government contends that the "maximum term authorized by law" refers to the statutory maximum for the offense of conviction. Mann argues that the "maximum term authorized by law" is limited by the Sentencing Guidelines.

■ "Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning." *United States v. Lewis,* 67 F.3d 225, 228 (9th Cir.1995). Particular phrases must be interpreted in light of the purpose and structure of the entire statutory scheme. *See id.* at 228–29. The plain meaning of a statute controls if it does not lead to absurd or impracticable consequences. *See Seattle–First Nat'l Bank v. Conaway,* 98 F.3d 1195, 1197 (9th Cir.1996). The language at issue in § 4244(d) has a plain meaning that does not lead to absurd results: "maximum term authorized by law" refers to the statutory maximum.

Section 4244(d) authorizes the district court to impose a provisional sentence of hospitalization "to the maximum term authorized by law *for the offense for which the defendant was found guilty.*" § 4244(d) (emphasis added). We begin by recognizing that the relevant "law" in sentencing is the Sentencing Guidelines. As the Supreme Court

recently observed, "the mandate to apply the Guidelines is itself statutory." *United States v. R.L.C.,* 503 U.S. 291, 297, 112 S.Ct. 1329, 1334, 117 L.Ed.2d 559 (1992). Thus, § 4244(d) requires that the provisional sentence be the maximum term authorized by the Sentencing Guidelines for the relevant offense. The highest possible sentence that can be imposed under the Sentencing Guidelines is the statutory maximum. *Cf. Mistretta v. United States,* 488 U.S. 361, 374–75, 109 S.Ct. 647, 655–56, 102 L.Ed.2d 714 (1989) (recognizing that Congress instructed the Sentencing Commission that the sentencing ranges could not include sentences in excess of the statutory maxima). As a result, the maximum term authorized by the Sentencing Guidelines for a particular offense is the statutory maximum.

The relevant language of § 4244(d) focuses on the offense itself, not on the particular defendant who committed that offense. It requires the district court to impose the maximum authorized sentence for a *particular offense.* It does not require that the sentence be the highest authorized under the Guidelines for a *particular defendant.* If Congress intended the provisional sentence to be the maximum authorized Guideline sentence for a particular defendant, it could have said so. Instead, § 4244(d) speaks only in terms of the maximum possible sentence for the offense, regardless of the particularities of the defendant. Nothing in the language of § 4244(d) suggests that the district court must make a detailed finding of the defendant's particular Guideline range at this provisional sentencing stage. Thus, the provisional sentence of hospitalization is the statutory maximum for the relevant offense.

■ Generally, we look to legislative history if the language of a statute is unclear. *See Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); *Lewis,* 67 F.3d at 228. While the language of § 4244(d) is clear, its legislative history also supports our interpretation. There is no direct commentary on the intended meaning of "maximum term authorized by law." Howev-

er, the history implies that the language refers to the statutory maximum.

Senate Report No. 98–225 of the Comprehensive Crime Control Act of 1984 suggests that a sentence under § 4244(d) is provisional in light of § 4244(e). Section 4244(e) prescribes the procedures to be followed when a defendant who was provisionally sentenced under § 4244(d) recovers from his mental disease or defect. The Senate Report states that, if the recovered defendant has not served his entire provisional sentence, the district court "must order a hearing to determine whether to proceed finally to sentence the defendant *in accordance with the sentencing alternatives and procedures.*" S.Rep. No. 98–225, at 246 (1983) (emphasis added). Thus, the district court must apply the Sentencing Guidelines if it elects to proceed to final sentencing after the defendant is released from the hospital. Significantly, the Report does not contain similar language when it discusses § 4244(d) and its sentencing procedure. Congress would not have limited this language in its Report to a discussion of § 4244(e) if it intended the Sentencing Guidelines to apply at both the provisional and final sentencing stage. The absence of such language in the Report's examination of § 4244(d) suggests that Congress did not intend the district court to make a particularized inquiry under the Sentencing Guidelines during provisional sentencing.

Our interpretation of § 4244(d) is consistent with that of the Fourth and Sixth Circuits. In *United States v. Roberts,* 915 F.2d 889 (4th Cir.1990), the Fourth Circuit interpreted the phrase "maximum term authorized by law" to mean the statutory maximum and then held that this interpretation did not violate the Equal Protection Clause. In *United States v. Moses,* 106 F.3d 1273, 1275 n. 1 (6th Cir.1997), the Sixth Circuit implicitly endorsed the holding in *Roberts.* These two cases are the only other reported cases that have addressed the interpretation of § 4244(d).

Mann argues that the Supreme Court's recent decision in *United States v. R.L.C.,*

503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992), effectively overrules *Roberts* and requires that we interpret "maximum term authorized by law" to mean the maximum possible sentence under the Guidelines for a particular defendant. Mann's reliance on *R.L.C.* is misplaced. In *R.L.C.,* the Supreme Court interpreted 18 U.S.C. § 5037(c)(1)(B), part of the Juvenile Delinquency Act. That provision requires that the length of official detention in certain circumstances be limited to "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." § 5037(c)(1)(B). The predecessor to § 5037(c), § 5037(b), provided that a juvenile could be sentenced to "the maximum term which could have been imposed on an adult convicted of the same offense." 18 U.S.C. § 5037(b) (1982 ed.). A plurality of the Court reasoned that the focus of § 5037(c)(1)(B)'s new language was on the particular defendant, while the focus of its predecessor was on the offense in general: "[T]he current language suggests a change in reference from abstract consideration of the penalty permitted in punishment of the adult offense, to a focused enquiry into the maximum that would be available in the circumstances of the particular juvenile before the court." *R.L.C.,* 503 U.S. at 299, 112 S.Ct. at 1334. As a result of this reasoning, supported by the rule of lenity and a plain language analysis, the Court interpreted the language of § 5037(c)(1)(B) as referring to the maximum sentence that could be imposed if the juvenile was sentenced after application of the Guidelines. *See id.* at 306, 112 S.Ct. at 1338.

The pertinent language in § 4244(d) ("maximum term authorized by law for the offense for which the defendant was found guilty") is more analogous to the old language in § 5037(b) than to the language in the revised § 5037(c)(1)(B). Section 4244(d) and the former § 5037(b) both focus on the offense in general rather than the particular defendant. Both have the same point of reference: "[A]bstract consideration of the penalty permitted in punishment of the

[charged] offense." *R.L.C.*, 503 U.S. at 299, 112 S.Ct. at 1334. It was only after the adoption of § 5037(c)(1)(B) and its concomitant change in reference to the particular defendant that the Supreme Court interpreted the section as requiring the maximum sentence under the Guidelines rather than the statutory maximum. The Court's analysis suggests that the old provision would have been interpreted as referring to the statutory maximum. In short, *R.L.C.* hinders rather than helps Appellant's argument because the Court therein interpreted a statute with language that is more obviously related to the circumstances of the particular defendant (thereby invoking the Sentencing Guidelines) than is the language in § 4244(d).

## CONCLUSION

The language and legislative history of § 4244(d) is clear: "the maximum term authorized by law" refers to the statutory maximum for the charged offenses. Accordingly, we must affirm Mann's provisional sentence of fifteen years.

**AFFIRMED.**